No. 68,900

CITY OF OVERLAND PARK, KANSAS, *Appellant,* v. BRYAN L. McBRIDE, *Appellee.*

(861 P.2d 1323)

Opinion filed October 29, 1993.

*Sarah Foster Tracy,* assistant city attorney, argued the cause and was on the brief for appellant.

*Kevin C. Harris,* of Mission, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The City of Overland Park (City) appeals the district court's dismissal of a municipal court complaint charging the de-

fendant, Bryan L. McBride, with unlawful possession of marijuana. We reverse and remand for further proceedings.

The defendant was charged in Overland Park Municipal Court with a violation of Overland Park Municipal Code (O.P.M.C.) § 11.56.140 (1986), which provides:

"A. It is unlawful for any person to deliver, possess, manufacture, have under his control, sell, or offer for sale any drug controlled substance or marijuana all as defined in 11.56.130 . . . ."

Defendant was found guilty as charged in the Municipal Court of Overland Park and appealed to the District Court of Johnson County.

In proceedings before the district court, after the City had called its first witness but before any testimony, the defendant moved to dismiss the complaint for lack of jurisdiction. The defendant contended that the complaint did not allege a crime because the complaint did not allege intent. Ultimately, the trial court dismissed the complaint because the complaint failed to allege an essential element of the offense, intent. The question presented on appeal is whether the complaint is fatally defective by failing to specifically allege intent.

The City contends that the trial court erred in dismissing the complaint because defendant's motion was untimely. More specifically, the City asserts that the defendant waived any objection to defects in the complaint because he did not raise them before trial. To support its position, the City relies upon K.S.A. 1992 Supp. 22-3208(3), which provides:

"Defenses and objections based on defects in the institution of the prosecution or in the complaint, information or indictment other than that it fails to show jurisdiction in the court or to charge a crime may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. *Lack of jurisdiction or the failure of the complaint, information or indictment to charge a crime shall be noticed by the court at any time during the pendency of the proceeding.*" (Emphasis added.)

The very statute relied upon by the City undermines its position.

In *State v. Bird,* 238 Kan. 160, 166, 708 P.2d 946 (1985), we said:

"Failure of an information to sufficiently state an offense is a fundamental defect which can be raised at any time, even on appeal. [Citations omitted.] Sufficiency of the indictment or information is to be measured by whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and by whether it is specific enough to make a plea of double jeopardy possible. . . . if the allegations in an information fail to constitute an offense in the language or meaning of an applicable statute, the information is fatally defective."

The City's contention that the defendant waived any objection to defects in the complaint by not timely raising lack of jurisdiction is wholly without merit. The statute relied upon by the City supports a contrary conclusion.

The City also contended at trial and contends on appeal that O.P.M.C. § 11.56.140 creates absolute liability for the offense of possession of marijuana. Thus, the City contends there was no requirement that the complaint allege intent. While the City still argues this position before this court, it should be noted that the City ultimately represented to the trial court that § 11.56.140 was a "general intent crime." The trial court based its dismissal upon that representation and upon the City's failure to amend the complaint after being given an opportunity to do so. The following exchange between the court and counsel demonstrates this.

"THE COURT: All right. I'll accept that [City's position] as requiring general criminal intent to prove the crime. I'll grant the City leave then to amend the Complaint to add 'willfully' and 'intentionally' which was previously stricken. And we'll proceed with setting the matter over for trial at a later date.

"MR. HARRIS: Judge, if I could respond to that. I would point out to the Court that this matter is a Municipal Court appeal, that there has already been a trial on the Complaint as set out.

"And I think the last time that we were here I cited a *State v. Wilson* case that says you cannot change the charge at the time of trial. So I think that's what we would be doing at this point is Mr. McBride is appealing from a decision of the Municipal Court on one charge, and now the City is going to be amending a charge, making it a new charge that we're going to trial upon.

"THE COURT: Okay. I note your objections and I believe that the Complaint . . . fairly apprised . . . the defendant of the crime to which he had been charged and the objections are noted for the record, but overruled. The City will amend.

"CITY OF OVERLAND PARK: Your Honor, just for the matter of making a record, it is still—the City will amend the Complaint to include the term intentionally, intentionally on this issue although it remains the City's position that it is not required to do so.

"THE COURT: Well, you have your choice. If you don't choose to wish to amend, then I'm going to consider that's your announcement that there is no general criminal intent required has no purpose in the proceeding, and I'll dismiss the case and we'll get on with life.

"Decide what you want to do, because you can't have it part one way and part the other way.

"Do you understand this is not the same situation that we have under Kansas statutes? The City's ordinance would purport on its face to not require a general criminal intent and if that's the way you're going to prosecute him in the City and then you want to change and prosecute him differently in the District Court, that's not right.

"CITY OF OVERLAND PARK: Your Honor, the City maintains its position that the word 'possession' does carry with it the general mens rea requirement and that it is not unconstitutionally vague or overbroad and it is not a violation of police powers to have the knowledge and intent wrapped up in the word 'possession'.

"THE COURT: This case is dismissed."

In spite of its position before the trial court, the City continues to argue on appeal that § 11.56.140, prohibiting possession of marijuana, imposes absolute liability. O.P.M.C. § 11.04.090(1), however, provides that "[e]xcept as otherwise provided, criminal intent is an essential element of every crime defined by this code." Nevertheless, the City contends that O.P.M.C. § 11.04.120 creates an exception applicable to this case. Section 11.04.120 provides:

"A person may be guilty of an offense without having criminal intent if the crime is an ordinance or traffic infraction and the ordinance defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described."

The City maintains that O.P.M.C. § 11.56.140, the ordinance at issue, fits that exception because it is an "ordinance" and it clearly indicates legislative intent to impose absolute liability. We perceive no legislative intent for the imposition of absolute liability in the adoption of this ordinance. "Possession" means having control over a thing with knowledge of and the intent to have such control. See PIK Crim. 2d 53.00. The ordinance is patterned after the state statute prohibiting possession of marijuana. The use of the term "possession" has a definite meaning and connotes

knowledge with intent to have control over the marijuana. Thus, the O.P.M.C.'s statement that, except as otherwise provided, criminal intent is an essential element of every crime defined by the code controls.

We finally come to the dispositive question raised by this appeal: "Was the complaint fatally defective without an allegation of intent?"

The complaint at issue states as follows:

"Off. Schumacher of lawful age, being first duly sworn on oath, for complaint against the above shown accused person alleges and states:

"That on or about the 03 day of February, 1992, the said Bryan L. McBride, within the corporate limits of the above named City and State did then and there in violation of the ordinances of said City willfully, unlawfully, and intentionally (1) have in his possession a quantity of a controlled substance, to wit: tetrahydrocannabinol."

The words "willfully" and "intentionally" are lined through, creating the impression that the crime charged is one without intent. Who lined through the above words or at whose direction this was done is unclear from the record. Nevertheless, the City was then given an opportunity to amend the complaint to include those words, but, instead, the City maintained its contradictory positions that (1) the section imposed strict liability and (2) the complaint as worded was sufficient because possession connotes a willfulness and knowledge. In its latter assertion, the City is correct.

As indicated above, the term "possession" is defined as "[h]aving control over a place or thing with knowledge of and the intent to have such control." PIK Crim. 2d 53.00. Thus, possession in and of itself or the word "possess" means having control over a thing with knowledge and the intent to have such control. Thus, by use of the word "possess," the ordinance in question necessarily incorporates a knowing and intentional act. Possession of marijuana under the Overland Park Municipal Code is a general intent crime and the charging language of the ordinance is sufficient to state an offense.

Dismissal by the trial court on the basis that the complaint fails to state an offense by omission of the word "intent" was error. We therefore reverse and remand for further proceedings.

Several questions concerning the constitutionality of the ordinance were raised below. However, we do not perceive the court's dismissal to be on any other ground than for lack of jurisdiction. Because the court did not dispose of the matter on constitutional grounds, we do not reach the question of the constitutionality of the ordinance and express no opinion regarding its constitutionality.

Reversed and remanded for further proceedings.